No. 25-50900

# In the United States Court of Appeals
## for the Fifth Circuit

---

Chavez Law, P.C., doing business as Chavez Law Firm,

Plaintiff – Appellant

v.

Depositors Insurance Company, doing business as Nationwide,

Defendant – Appellee

---

On Appeal from the United States District Court
for the Western District of Texas, El Paso Division
Civil Action No. 3:24-CV-158

---

BRIEF OF APPELLANT

---

Enrique Chavez, Jr.
  Texas Bar No. 24001873
  EnriqueChavezJr@chavezlawpc.com
CHAVEZ LAW FIRM
2101 N. Stanton Street
El Paso, Texas  79902
(915) 351-7772

Kurt Kuhn
  Texas Bar No. 24002433
  Kurt@KuhnAppeals.com
KUHN LAW PLLC
7000 N. MoPac Expy., Suite 315
Austin, Texas  78731
(512) 476-6005

COUNSEL FOR APPELLANT

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Plaintiff – Appellant:                    Chavez Law P.C. d/b/a Chavez Law Firm

Appellate Counsel for
Plaintiff – Appellant:                    Kurt Kuhn
                                          Texas Bar No. 24002433
                                          Kurt@KuhnAppeals.com
                                          KUHN LAW PLLC
                                          7000 N. MoPac Expy., Suite 315
                                          Austin, Texas 78731
                                          (512) 476-6005

Trial and Appellate Counsel for
Plaintiff – Appellant:                    Enrique Chavez, Jr.
                                          Texas Bar No. 24001873
                                          EnriqueChavezJr@chavezlawpc.com
                                          Michael R. Anderson
                                          Texas Bar No. 24087103
                                          manderson@chavezlawpc.com
                                          Christine A. Chavez-Osterberg
                                          Texas Bar No. 24109717
                                          cachavez@chavezlawpc.com
                                          Michael M. Osterberg
                                          Texas Bar No. 24108991
                                          mikeosterberg@chavezlawpc.com

                                          Chavez Law Firm
                                          2101 N. Stanton Street
                                          El Paso, Texas  79902
                                          (915) 351-7772

i

Defendant – Appellee:                    Depositors Insurance Company
                                         d/b/a Nationwide

Trial and Appellate Counsel for         Patrick M. Kemp
Defendant – Appellee:                      pkemp@smsm.com
                                           Texas Bar No. 24043751
                                         Robert G. Wall
                                           rwall@smsm.com
                                           Texas Bar No. 24072411
                                         Leah B. Fitzgerald
                                           lfitzgerald@smsm.com
                                           Texas Bar No. 2414898
                                         Cory D. Greenleaf
                                           Texas Bar No. 24136097
                                           cgreenleaf@smsm.com
                                         Schuyler J. Whiting
                                           Texas Bar No. 24132481
                                           swhiting@smsm.com

                                         SEGAL MCCAMBRIDGE SINGER
                                         & MAHONEY
                                         100 Congress Ave., Suite 800
                                         Austin, Texas 78701
                                         (512) 476-7834




                                         /s/ Kurt Kuhn
                                         Kurt Kuhn

                                         *Attorney of Record for Plaintiff-Appellant*

## STATEMENT CONCERNING ORAL ARGUMENT

Chavez believes oral argument would be helpful to the Court to fully understand and properly resolve this appeal. Simply understood, this case turns on whether, under Texas law, a lawyer has standing to make a claim against a defendant when, despite notice of the attorney's assigned interest in the claim, the defendant pays a settlement to the client, circumventing the lawyer's interest. As briefed herein, for more than 100 years, Texas law has recognized a lawyer's right to ratify the settlement and seek his share from the defendant. Texas has never required the lawyer sue the client for recovery of the overpayment. The same rule applies regardless of whether the client has discharged the attorney.

However, the district court granted dismissal based on conflicting language in a few unpublished Texas intermediate court opinions it relied on to find that a cognizable claim against the defendant could only be made if the attorney pleaded they were involved in a conspiracy with the client to deprive the lawyer of his contractual rights.[1] That approach flips the prior rule, forcing a lawyer to sue his client. Chavez believes confusion about the case law and the lack of any hearing below contributed to the outcome. Despite the best efforts at briefing by both sides, questions will likely remain. Oral argument would provide the Court with an opportunity to resolve any questions raised by the parties' briefs.

---

[1] ROA.687-89.

# TABLE OF CONTENTS

Certificate of Interested Persons ................................................................................. i

Statement Concerning Oral Argument ...................................................................... iii

Table of Authorities ..................................................................................................... vi

Statement Regarding Jurisdiction ............................................................................... 1

Issues Presented for Review......................................................................................... 2

Statement of the Case ................................................................................................... 3

A.     Chavez, a law firm, was retained by a client to pursue—and assigned an interest in—a personal injury claim covered by a policy issued by Depositors................................................................................................................ 3

B.     Depositors received notice of Chavez's assigned interest, including in "any settlement" that might arise from the claim. ...................................................... 3

C.     Despite actual notice of Chavez's assigned interest in the settlement, Depositors paid the full settlement to the client without telling Chavez............. 4

D.     Chavez sought to recover its assigned interest in the settlement, but the district court found Chavez only had standing to sue the client.......................... 5

Summary of Argument ................................................................................................... 6

Argument.......................................................................................................................... 7

I.     The Court must decide, reviewing the case de novo, if Chavez has standing to assert claims against Depositors for Chavez's assigned interest in the settlement. .................................................................................. 7

II.     Because Depositors knew of Chavez's interest when it paid the client, Chavez has standing to seek its portion of the settlement from Depositors........................................................................................................... 8

     A.     The contingency fee agreement gave Chavez a vested property interest in the settlement, which it has the right to seek from Depositors................. 9

B.    When a defendant pays a full settlement to the client despite knowing of an attorney's assigned interest, Texas law allows the attorney to seek payment of his portion from the defendant. .................................................. 12

C.    Depositors is liable to Chavez because, despite notice of the assignment, it entered into a settlement with the client that circumvented Chavez's interest. ...................................................... 16

III.    The district court should not have granted the Rule 12(b)(1) motion to dismiss with prejudice, and if necessary, Chavez should be allowed to correct any jurisdictional pleading deficiency. ........................................ 20

Conclusion .............................................................................................................. 23

Certificate of Service ............................................................................................ 24

Certificate of Compliance .................................................................................... 25

## TABLE OF AUTHORITIES

### CASES

*Berry v. Nueces Cnty.*,
No. 13–05–383–CV, 2006 WL 1280901 (Tex. App.—Corpus Christ
May 11, 2006, pet. denied) ........................................................................ 19

*Dow Chem. Co. v. Benton*,
357 S.W.2d 565 (Tex. 1962)............................................................... 10, 12

*Fontana v. Republic of Argentina*,
962 F.3d 667 (2nd Cir. 2020) ................................................................... 17

*Gaebe, Murphy, Mullen & Antonelli v. Bradt*,
704 So.2d 618 (Fla. 4th Dist. Ct. App. 1997) ......................................... 17

*Gaines v. Dixie Carriers, Inc.*,
434 F.2d 52 (5th Cir. 1970) ...................................................................... 15

*Galveston, H. & S.A. Ry. Co. v. Ginther*,
72 S.W.2d 166 (Tex. 1903)..........................................................8, 10, 13

*GEICO Choice Ins. Co. v. Stern*,
No. 01-18-00013-CV, 2019 WL 3819518 (Tex. App.—Houston [1st Dist.]
Aug. 15, 2019, no pet.) .............................................................................. 20

*Gibson v. Tex. Pac. Coal Co.*,
266 S.W. 137 (Tex. Comm'n App. 1924).......................................... 13, 14

*Gulf, C. & S.F. Ry. Co. v. James B. & Charles J. Stubbs*,
166 S.W. 699 (Tex. Civ. App.—San Antonio 1914, writ ref'd)...............12, 13, 15

*Hagood v. Pisharodi*,
No. 13-17-00672-CV, 2019 WL 6795869 (Tex. App.—Corpus Christi
Dec. 12, 2019, no pet.) .............................................................................. 17

*Hildebrand v. Honeywell, Inc.*,
622 F.2d 179 (5th Cir. 1980)................................................................... 22

*Home Builders Ass'n of Miss., Inc. v. City of Madison,*
    143 F.3d 1006 (5th Cir. 1998).............................................................8, 22

*Honeycutt v. Billingsley,*
    992 S.W.2d 570 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).........passim

*In re Asbestos Litig.,*
    90 F.3d 963 (5th Cir. 1996)................................................................. 8

*In re Dykeswill, Ltd.,*
    365 B.R. 683 (S.D. Tex. 2007)............................................................ 11

*Iron Tigga, LLC v. Law Offices of David W. Showalter, LLP,*
    No. 13-21-00459-CV, 2022 WL 11467825 (Tex. App.—Corpus Christi
    Oct. 20, 2022, pet. denied)................................................................. 19

*Law Offices of Windle Turley, P.C. v. Ghiasinejad,*
    109 S.W.3d 68 (Tex. App.—Fort Worth 2003, no pet.) ...............................10, 15

*Madeksho v. Abraham, Watkins, Nichols & Friend,*
    112 S.W.3d 679 (Tex. App.—Houston [14th Dist.]
    July 10, 2003, pet. denied).............................................................14, 15, 18

*Mallory v. Arctic Pipe Inspection Co.,*
    Nos. 01–12–00979–CV, 01–13–00563–CV, 2014 WL 701123
    (Tex. App.—Houston [1st Dist.] Feb. 20, 2014, pet. denied) ............................ 9

*Marre v. U.S.,*
    117 F.3d 297 (5th Cir. 1997)............................................................... 10

*Mitchell v. Bailey,*
    982 F.3d 937 (5th Cir. 2020).............................................................. 21

*N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare,*
    781 F.3d 182 (5th Cir. 2015)................................................................ 8

*Raines v. Byrd,*
    521 U.S. 811 (1997)......................................................................... 7

*Sewell v. Guillory*,
   No. 09–16–00078–CV, No. 09–16–00079–CV, 2017 WL 6521067
   (Tex. App.—Beaumont Dec. 21, 2017, pet. denied) ............................................. 16

*Spivey v. Chitimacha Tribe of La.*,
   79 F.4th 444 (5th Cir. 2023)..................................................................................... 21

*Tex. & Pac. Ry. Co. v. Vaughan*,
   40 S.W. 1065 (Tex. Civ. App. 1897, writ ref'd) ..................................................... 18

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021)..................................................................................................... 7

*Travelers Fire Ins. Co. v. Steinmann*,
   276 S.W.2d 849 (Tex. Civ. App.—Dallas 1955, writ ref'd n.r.e.)....................... 14

*Trinity River Auth. of Tex. v. Badders*,
   453 S.W.2d 304 (Tex. App.—Houston [14th Dist.] 1970, no writ)................... 15

*U.S. v. Tex.*,
   599 U.S. 670 (2023)..................................................................................................... 7

*Watkins v. Lujan*,
   922 F.2d 261 (5th Cir. 1991) .................................................................................... 22

*Whitmire v. Victus Ltd.*,
   212 F.3d 885 (5th Cir. 2000).................................................................................... 22

*Wichita Falls Elec. Co. v. Chancellor & Bryan*,
   229 S.W. 649 (Tex. Civ. App.—Amarillo 1921, writ ref'd)................................. 18

*Wilkinson v. Susman*,
   No. 14-18-00996-CV, 2020 WL 6791057 (Tex. App.—Houston [14th Dist.]
   Nov. 19. 2020, pet. denied).............................................................................. 12

## STATUTES AND RULES

28 U.S.C. §1291............................................................................................................... 1

28 U.S.C. §1332................................................................................................................ 1

FED. R. CIV. P. 12(b)(1)................................................................................................ 21

## OTHER AUTHORITIES

7 TEX. JUR. 3D *Attorneys at Law* §236 (Jan. 2026 Update) ................................................. 11

7 TEX. JUR. 3D *Attorneys at Law* §239 (Jan. 2026 Update) ................................................. 18

ROBERT L. ROSSI, 1 ATTORNEYS' FEES §11:26 (3d ed. May 2025 Update) ................... 11

### STATEMENT REGARDING JURISDICTION

This is an action brought by a Texas law firm, Chavez Law, P.C., against Depositors Insurance Company to recover Chavez's assigned portion of settlement proceeds pursuant to a contingency fee agreement. Originally filed in state court, Chavez asserted claims of tortious interference with an existing contract and conversion, alleging Depositors paid the full settlement to the client, without notifying Chavez, despite knowing Chavez had been assigned a 40% interest in the settlement.[2] Depositors removed the case to federal court based on diversity jurisdiction.[3] The district court had diversity jurisdiction pursuant to 28 U.S.C. §1332.

On September 30, 2025, the court granted Depositors' Rule 12(b)(1) motion to dismiss, finding Chavez lacked standing to assert the claims, and entered a final judgment dismissing all claims with prejudice.[4] Chavez timely filed a notice of appeal on October 27, 2025.[5] The Court has jurisdiction, under 28 U.S.C. §1291, to review whether Chavez has standing to assert claims against Depositors for Chavez's assigned interest in the settlement.

---

[2] ROA.17-21.
[3] ROA.9-12.
[4] ROA.681-91.
[5] ROA.704-05.

1

## ISSUES PRESENTED FOR REVIEW

1.      Under Texas law, does an attorney, who by a contingency fee agreement holds an assigned interest in a former client's claim, have standing to seek his share of a settlement from a defendant who, despite notice of the attorney's vested rights, paid the full settlement funds to the client?

2.      To assert such a claim, does the lawyer have to plead and prove the client and defendant actively conspired to deprive the lawyer of his contractual rights, or is it sufficient to allege that, despite notice of the attorney's assigned interest, the client and defendant attempted to settle without paying the attorney his share?

3.      Does a court have the power, in granting a Rule 12(b)(1) motion for lack of subject matter jurisdiction, to order a dismissal with prejudice?

4.      Should dismissal be granted if the court determines the complaint needs to be amended to state an alternative basis for recovery, but it alleges sufficient facts to state a viable claim for relief?

## STATEMENT OF THE CASE

**A.    Chavez, a law firm, was retained by a client to pursue—and assigned an interest in—a personal injury claim covered by a policy issued by Depositors.**

On January 3, 2022, in El Paso, Texas, Alejandro Soto was injured when he was struck by a motor vehicle covered under a commercial policy Depositors Insurance Company issued to La Victoria Adult Day Care.[6]  Soto then hired Chavez Law P.C., an El Paso firm doing business as the Chavez Law Firm (herein "Chavez"), to represent him in pursuing his claim against Depositor's insured.[7]

Soto retained Chavez by a contingency fee agreement that assigned Chavez a 40% interest in any recovery on Soto's claim.[8]  The agreement expressly provides that, "[i]n the event of any recovery, [] whether by settlement, judgment or otherwise, you [Soto] hereby assign to me [Chavez] forty Percent (40%)."[9]

**B.    Depositors received notice of Chavez's assigned interest, including in "any settlement" that might arise from the claim.**

Chavez provided Depositors with notice of Chavez's representation of Soto and its assigned interest in any settlement of Soto's claim.  Depositors first received a February 28, 2022 letter from Chavez, advising that it represented Soto as to a claim on Depositors' policy for injuries and damages sustained in the accident.[10]

---

[6] ROA.136.
[7] ROA.17-19, 142-43.
[8] ROA.18-19, 142-43.
[9] ROA.142.
[10] ROA.18, 136, 138.

3

Next, in March 2022, Depositors sent Chavez notice "acknowledg[ing] the claim asserted by the Law Firm's Client Alejandro Soto." Depositors' adjuster, Warren Bruce, also emailed with Laura Contreras, at the Chavez firm, to obtain information on Soto, saying he "look[ed] forward to working with you" regarding Soto's claim.[11]

Finally, in an April 12, 2022 letter, Chavez expressly notified Depositors of its assigned interest in any settlement of Soto's claim, providing proof of the assignment. The letter stated that, in exchange for its agreeing to work on a contingent fee basis, Chavez "acquired an interest in the amount of 40% in all proceeds" from the claim.[12] It enclosed a copy of the engagement letter showing Soto's assignment to Chavez of an interest in any recovery, including any settlement.[13] The April 12 letter asked Depositors "acknowledge the attorney fee interest lien of the Chavez law Firm in connection with any settlement or judgment proceeds that may arise from Alejandro Soto's claims."[14]

## C.    Despite actual notice of Chavez's assigned interest in the settlement, Depositors paid the full settlement to the client without telling Chavez.

A week later, Depositors received a letter from a Dallas, Texas law firm, the J. Alexander Law Firm, indicating it was retained by Soto to represent him on the claim. From that point on, Depositors only communicated with the J. Alexander Firm regarding Soto's claim.[15]

---

[11] ROA.18, 137, 138-39.
[12] ROA.18-19, 137, 141-44.
[13] ROA.142-44.
[14] ROA.141.
[15] ROA.137, 145.

On March 28, 2023, Depositors settled with Soto without litigation being filed. In exchange for a full release of all claims, Depositors paid Soto and the J. Alexander Law Firm $425,000. Nowhere in the settlement documents is there any reference to Chavez's assigned interest in the settlement.[16]

**D.    Chavez sought to recover its assigned interest in the settlement, but the district court found Chavez only had standing to sue the client.**

After learning of the settlement, Chavez sought to recover its assigned interest from Depositors. Chavez filed a state court action against Depositors asserting claims of tortious interference with an existing contract and conversion. Chavez's complaint alleges that, despite actual notice of Chavez's assigned interest in the settlement, Depositors still paid the full settlement to Soto.[17]

Depositor removed the case to federal court and filed a Rule 12(b)(1) motion to dismiss.[18] Depositors argued that, because Soto retained new counsel, Chavez lacked standing to assert a claim against anyone other than Soto.[19] Relying on language from a few unpublished intermediate court opinions, the district court agreed, finding Chavez could not allege a legally cognizable injury under Texas law. The court believed that, to have a cognizable claim against Depositors, Chavez had to plead a conspiracy between the client and the insurer to deprive Chavez of its contractual assignment.[20]

---

[16] ROA.19, 137, 147-48.
[17] ROA.17-21.
[18] ROA.9-12, 114-33.
[19] ROA.115-28.
[20] ROA.686-89.

## SUMMARY OF ARGUMENT

For more than 100 years, Texas law has recognized that, when a client assigns an interest in their claim to their attorney by a contingency fee agreement, while the client and defendant remain free to settle, a defendant with notice of the assignment cannot defeat the attorney's right to be paid in the settlement by making payment to the client. The law is the same regardless of whether the client discharges the attorney before settlement. The attorney is not required to sue the client. Instead, the attorney has the right to seek his portion of the settlement proceeds directly from the defendant.

That is exactly what happened here. The client assigned Chavez an interest in his claim. Chavez provided Depositors written notice and proof of its assigned interest, and requested Depositors acknowledge Chavez's interest in any settlement proceeds. But despite knowing of Chavez's interest, Depositors paid the full settlement only to the former client. Chavez can seek its portion of the settlement from Depositors.

The district court dismissed, however, believing Chavez could only have standing to assert a claim if it pleaded Depositors and the client conspired to deprive Chavez of its contractual rights. Chavez is not required to plead or prove a conspiracy, only that the client and Depositors, despite notice of the assigned interest, attempted to settle without providing for payment to Chavez. A defendant who, despite notice, pays a settlement without accounting for the attorney's interest remains liable to the attorney. Chavez has standing to seek its share of the settlement proceeds from Depositors.

6

## ARGUMENT

**I.    The Court must decide, reviewing the case de novo, if Chavez has standing to assert claims against Depositors for Chavez's assigned interest in the settlement.**

This appeal turns on whether Chavez has standing to assert claims against Depositors for releasing the full settlement to Soto despite notice of Chavez's assigned interest. For a plaintiff to have standing under Article III, they must have a personal stake in the dispute. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). To answer that question and establish standing, the plaintiff must show: (1) it suffered an injury in fact, (2) likely caused by the defendant, (3) that would be redressed by judicial relief. *Id.* Depositors only challenged, and the district court only considered, the first element—whether Chavez suffered an injury in fact.[21]

Chavez alleges it suffered an injury in fact when Depositors, despite notice of its assigned 40% interest in the settlement, released the entire settlement fund to Soto. Monetary damages are, of course, an injury. *U.S. v. Tex.*, 599 U.S. 670, 676 (2023). But standing requires the alleged injury be legally and judicially cognizable. *Id.*; *Raines v. Byrd*, 521 U.S. 811, 819 (1997). This requires the plaintiff's alleged injury be to a "legally protected interest." *Raines*, 521 U.S. at 819. The district court found that, absent pleading a conspiracy between Soto and Depositors, Chavez could not allege a cognizable claim against Depositors.[22]

---

[21] ROA.118-28, 204-07, 685-89.
[22] ROA.689.

7

The question is whether, accepting Chavez's allegations as true, Chavez could prove any set of facts that would entitle it to relief against Depositors under Texas law. In a diversity case, whether the plaintiff has a legally protected interest against the defendant depends on state law. *In re Asbestos Litig.*, 90 F.3d 963, 1021-22 (5th Cir. 1996) (Smith, J. dissenting). In reviewing whether a plaintiff has standing, the Court assumes *arguendo* the merits of the legal claim. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015). A Rule 12(b)(1) motion should be granted only if it appears certain the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The Court reviews this legal conclusion de novo. *Id.*

## II. Because Depositors knew of Chavez's interest when it paid the client, Chavez has standing to seek its portion of the settlement from Depositors.

For more than 100 years, Texas law has recognized that, when a client assigns a portion of their recovery to their attorney by a contingency fee agreement, while the client remains free to compromise, a defendant who knows of the assignment cannot defeat the attorney's right to be paid out of the settlement by payment to the client. *Galveston, H. & S.A. Ry. Co. v. Ginther*, 72 S.W.2d 166, 167 (Tex. 1903). The attorney retains the right to seek his share of the proceeds from the defendant. *Id.* The defendant is in the same position as "any other person paying a debt to the original creditor, instead of an assignee, whose rights were known." *Id.* That rule controls here.

Soto assigned to Chavez an interest in the settlement of his claims. Despite knowing of Chavez's interest, Depositors paid the full settlement to Soto. Chavez has a vested property right in his assigned portion of the settlement. The law does not require Chavez sue the client for the overpayment. Chavez has the right to accept the settlement, and seek its portion from Depositors.

## A. The contingency fee agreement gave Chavez a vested property interest in the settlement, which it has the right to seek from Depositors.

To determine whether an attorney has standing to seek recovery from a defendant of a portion of a settlement to the client, the first question is whether the agreement assigned an interest in the settlement proceeds to the attorney. "When a defendant has notice of an attorney's assigned interest in the settlement proceeds and fails to protect that interest, the defendant remains liable to the attorney for the amount of the assigned interest." *Mallory v. Arctic Pipe Inspection Co.*, Nos. 01–12–00979–CV, 01–13–00563–CV, 2014 WL 701123, at *5 (Tex. App.—Houston [1st Dist.] Feb. 20, 2014, pet. denied). Without a demonstrated property interest, the defendant does not have a duty to protect an attorney's alleged rights. *Id.* Under well settled Texas law, Chavez had a vested property right in the settlement of Soto's claim.

In their engagement letter, Soto expressly assigned to Chavez a 40% interest in any recovery on his claim, including in any settlement.[23] The Texas Supreme Court has recognized that "a properly worded contingent fee contract may effect an assignment

---

[23] ROA.142.

of part of the recovery and a part of a cause of action to the attorney." *Dow Chem. Co. v. Benton*, 357 S.W.2d 565, 568 (Tex. 1962). Texas courts have repeatedly recognized that when a contingent fee contract "assigns" an interest to the attorney, "a justiciable interest" in the claim is created. *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70-71 (Tex. App.—Fort Worth 2003, no pet.).

In *Ginther*, the Texas Supreme Court reviewed a similar contingency fee agreement. The client signed an agreement with his attorneys which read, "I agree to give, and hereby assign to them one-third of whatever may be recovered in said suit, or by way of compromise." *Ginther*, 72 S.W. at 167. While the case was pending, the defendant, with notice of the agreement, settled directly with the client. The attorneys then intervened, obtaining a judgment against the defendant for a sum equal to one-third of the amount it paid the client. The court held the language in the contingency agreement operated as an assignment of an interest in the settlement funds when recovered. The assignment gave the attorneys "an interest in the claim which they had the right to have paid in the settlement." *Id.*

The Fifth Circuit previously held that, under Texas law, a contingency fee contract gives the attorney a property right interest at the time the contingency occurs. *Marre v. U.S.*, 117 F.3d 297, 307-08 (5th Cir. 1997). Once the contingency occurs, the attorney has a lien on the judgment or settlement securing his services, and the attorney's lien is paramount to the rights of the parties in the suit. *Id.*

10

That approach remains Texas law.  If the language in a contingent fee contract assigns a lawyer an interest in the claim or recovery, "the attorney, at the time the writing is executed, became vested immediately with ownership in the described part of or interest in the cause."  7 TEX. JUR. 3D *Attorneys at Law* §236 (Jan. 2026 Update).  "The term 'hereby assigns' constitutes a present assignment."  *In re Dykeswill, Ltd.*, 365 B.R. 683, 688 (S.D. Tex. 2007).  Once an attorney's interest has attached, the client's settlement of the suit without the attorney's consent will not defeat the attorney's interest.  ROBERT L. ROSSI, 1 ATTORNEYS' FEES §11:26 (3d ed. May 2025 Update).  Because the interest held by the attorney has vested, "[t]his is why a defendant who pays a judgment in full without accounting for the contingency fee claim may sometimes have to pay the fee portion twice."  *In re Dykeswill, Ltd.*, 365 B.R. at 688.

Adopting the reasoning of the unpublished *Berry* opinion discussed below, the district court cited *Dow Chemical v. Benton* as holding the derivative nature of a contingency fee agreement means a discharged attorney generally lacks standing to pursue an independent cause of action against anyone other than this former client.[24]  But that was not even at issue in *Dow Chemical*, and mischaracterizes its holding.

*Dow Chemical* did not involve claims brought by a discharged lawyer to collect on a settlement or judgment paid to the client.  Instead, the issue was whether an attorney with a contingent fee agreement could continue to prosecute the case on its own behalf

---

[24] ROA.686.

11

after the client had been entirely dismissed from the case for refusing to appear for his deposition. *Dow Chem.*, 357 S.W.2d at 566. The court held the rights of the attorney and client "are necessarily dependent upon and inseparably interwoven with the other." *Id.* at 567. While recognizing an agreement could assign part of the recovery to the attorney, the court held that right is not divisible from the client's claim. *Id.*

Properly understood, *Dow Chemical* stands for the simple proposition that an attorney may not prosecute a cause of action on his own behalf for their contingency after the client has been dismissed from the lawsuit without obtaining a recovery. *Wilkinson v. Susman*, No. 14-18-00996-CV, 2020 WL 6791057, at *6 (Tex. App.—Houston [14th Dist.] Nov. 19. 2020, pet. denied). "Because an attorney's right to her contingency fee is wholly derivative of her client's rights, the attorney is entitled to receive her specified fee only when and to the extent her client receives a payment." *Id.* at *7. Soto did receive payment on the claim, and thus, Chavez is entitled to assert its vested interest in a portion of the settlement.

**B.    When a defendant pays a full settlement to the client despite knowing of an attorney's assigned interest, Texas law allows the attorney to seek payment of his portion from the defendant.**

For more than 100 years, Texas courts have recognized that it is "well settled" an attorney with an assigned interest in a claim may hold the other side responsible for his proportionate share of a settlement made with the client after notice. *Gulf, C. & S.F. Ry. Co. v. James B. & Charles J. Stubbs*, 166 S.W. 699, 700-01 (Tex. Civ. App.—San

12

Antonio 1914, writ ref'd). When the defendant knows of the assignment, the law does not allow it to, by paying all of the money to the client, force the attorney to sue the client to recover the attorney's share of the settlement. *Id.* at 701. The law recognizes Chavez's right to seek its assigned share of the settlement from Depositors.

When a client and the opposing side, with knowledge that the attorney has been assigned an interest in the claim, settle a case without recognizing the attorney's interest, Texas law gives the attorney a choice as to how to proceed. The lawyer may: (1) prosecute the suit against the defendant, prove liability and damages, and recover his share of the judgment; (2) sue the client for his share of the settlement; or (3) ratify the settlement agreement and seek his proportionate share of the settlement funds from the defendant, without the necessity of proving liability and damages in the underlying tort suit. *Honeycutt v. Billingsley*, 992 S.W.2d 570, 585 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). Here, Chavez has chosen the third option: accepting the settlement and seeking his share of the settlement from Depositors.

Chavez's right to bring the claim against Depositors to seek its assigned interest in the settlement is the same right the Texas Supreme Court recognized in *Ginther*. *Ginther*, 72 S.W. at 167. There, the attorney ratified the settlement by adopting the amount of the compromise as the basis for the amount of his recovery, and seeking to recover his share from the defendant. *Gibson v. Tex. Pac. Coal Co.*, 266 S.W. 137, 140 (Tex. Comm'n App. 1924). In *Ginther*, the court held that the defendant, with notice

13

of the settlement, could not satisfy the interest of the attorney by making payment just to the client. *Id.* "When a plaintiff assigns an interest in his cause of action to his attorney and the defendant has notice of the assignment, the defendant must include the attorney in any settlement; he may not settle with the plaintiff alone without making himself liable to the attorney also." *Travelers Fire Ins. Co. v. Steinmann*, 276 S.W.2d 849, 851 (Tex. Civ. App.—Dallas 1955, writ ref'd n.r.e.).

At the time of a judgment or settlement, attorneys with a contingency interest are equitable owners (not mere claimants) of their portion of the judgment or settlement. *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 689 (Tex. App.—Houston [14th Dist.] July 10, 2003, pet. denied)(en banc)(Brister, J. plurality op.). The law firm's claim to its assigned portion of the settlement is a valid claim under Texas law. *Id.* "Due to this property interest, a defendant who pays a judgment in full to the opposing party without accounting for the contingency-fee claim will have to pay the fee portion twice." *Id.*

The outcome is the same regardless of whether the client terminates the representation after assigning an interest to the lawyer. *Honeycutt*, 992 S.W.2d at 585. In *Honeycutt*, the defendant argued its payment of the settlement was distinguishable from *Ginther* because the attorney with the assigned interest had withdrawn and the defendant made the settlement payment to the clients' new attorney of record. *Id.* The court found this to be "a distinction without a difference." *Id.* The prior attorney still

14

had a valid interest in the claim, the defendant had actual knowledge of that interest, and the defendant disregarded that interest and made payment only to the clients and their new lawyer. *Id.* The court held that, "[t]he reasoning of *Ginther* applies equally in this case, even though [the original attorney] was no longer attorney of record." *Id.* Texas law as outlined in *Honeycutt* should control the outcome here.

The fact that Soto purportedly hired new counsel does not prevent Chavez from ratifying the settlement and seeking its assigned portion from Depositors. *Id. See also, Law Offices of Windle Turley*, 109 S.W.3d at 71-72. The client cannot defeat the law firm's ability to protect its vested property interest by terminating their relationship. *See Madeksho*, 112 S.W.3d at 681-82, 689. *See also, Trinity River Auth. of Tex. v. Badders*, 453 S.W.2d 304, 307-09 (Tex. App.—Houston [14th Dist.] 1970, no writ). The Fifth Circuit has likewise held that an attorney with an assigned contingency retains an interest in the outcome of the dispute even if discharged by the client. *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970). Absent evidence the client affirmatively disaffirmed a voidable contract, a defendant who settles with the client with notice of the contractual assignment remains liable to the attorney. *Gulf, C. & S.F. Ry. Co.*, 166 S.W. at 700. Texas law recognizes Chavez's right to protect its assigned right in the settlement payment by seeking its share from Depositors.

15

**C.    Depositors is liable to Chavez because, despite notice of the assignment, it entered into a settlement with the client that circumvented Chavez's interest.**

Despite well-settled Texas law allowing an attorney to seek recovery of its assigned interest from a defendant who, with notice, pays the settlement to the client, the district court found the claim could only be asserted if it was alleged that Depositors and the client participated in a conspiracy to deprive Chavez of its contractual rights.[25] The court reached that conclusion by relying on a one-sentence summary of the *Honeycutt* decision—which misconstrues its holding—appearing in an unpublished Texas intermediate court opinion.[26]    Chavez is not required to plead or prove a conspiracy, only that the client and Depositors, despite notice of the assigned interest, attempted to settle without paying Chavez its share.

In *Honeycutt*, the court articulated the correct rule.  Citing *Ginther*, it held that when the client attempts to settle a case without the attorney's agreement, "[i]f the defendant in the underlying suit has notice of the attorney's interest, the defendant is liable to the attorney, even if he has already paid the client."  *Honeycutt*, 992 S.W.2d at 584.  The district court believed *Honeycutt* held the claim could be maintained "only when the former client and the opposing party in the subject litigation *conspire* to 'effectuate a settlement that circumvents the attorney's interest in the lawsuit.'"[27]

---

[25] ROA.689.

[26] ROA.687-88, citing *Sewell v. Guillory*, No. 09–16–00078–CV, No. 09–16–00079–CV, 2017 WL 6521067, at *6 (Tex. App.—Beaumont Dec. 21, 2017, pet. denied).

[27] ROA.687 (emphasis added).

However, the *Honeycutt* opinion actually says the claim can be maintained, "when the client and the tort defendant attempt to effectuate a settlement that circumvents the attorney's interest." *Id.* The words "conspire" or "conspiracy" do not appear anywhere in the opinion. All that is required is that the settlement itself seeks to resolve the dispute without providing for payment to the attorney.

Undeniably, Soto and Depositors entered into a settlement that sought to resolve their dispute without paying Chavez its assigned interest. By entering into a settlement agreement that does not account for payment of the attorney's assigned interest, the client "demonstrated their intent to circumvent the contingency fee agreement." *Hagood v. Pisharodi*, No. 13-17-00672-CV, 2019 WL 6795869, at *4 (Tex. App.—Corpus Christi Dec. 12, 2019, no pet.). To seek its assigned share of the settlement from the defendant, an attorney is not required to prove the defendant acted with malice to avoid paying the attorney. *Fontana v. Republic of Argentina*, 962 F.3d 667, 675 (2nd Cir. 2020) (applying New York law). If the original counsel holds an interest in the claim, when a client using new counsel settles a dispute with the defendant "any such settlement without the knowledge of or notice to counsel and the payment of their fees is a fraud on them whether there was an intent to do so or not." *Gaebe, Murphy, Mullen & Antonelli v. Bradt*, 704 So.2d 618, 619 (Fla. 4th Dist. Ct. App. 1997) (applying Florida law).

The key to whether a defendant is liable to the attorney in this context has always been simply whether it had notice of the attorney's assigned interest at the time of the

17

settlement. *Tex. & Pac. Ry. Co. v. Vaughan*, 40 S.W. 1065, 1065-66 (Tex. Civ. App. 1897, writ ref'd). "If the defendant . . . has notice of the attorney's interest, the defendant is liable to the attorney, even if he has already paid the client." *Honeycutt*, 992 S.W.2d at 584. This includes when the defendant has both actual knowledge of the assignment and when the defendant is aware of circumstances sufficient to create a duty of inquiry. *Wichita Falls Elec. Co. v. Chancellor & Bryan*, 229 S.W. 649, 651-62 (Tex. Civ. App.— Amarillo 1921, writ ref'd); 7 TEX. JUR. 3D *Attorneys at Law* §239 (Jan. 2026 Update). The notice requirement is easily satisfied here.

The undisputed allegations are that, prior to the settlement, Depositors received written notice of Chavez's interest in Soto's claim. Depositors received a letter from Chavez that directly informed it of the assignment, attached proof of the assignment, and requested Depositors acknowledge Chavez's interest in "any settlement or judgment proceeds that may arise from Alejandro Soto's claims."[28] These facts more than satisfy the notice required to hold Depositors liable for paying out Chavez's portion of the settlement. *Wichita Falls Elec. Co.*, 229 S.W. at 651-62 (holding letter from counsel to defendant asserting contractual assignment was sufficient to support directed verdict on attorney's claim against defendant for attorney's interest in settlement). In this situation, "[w]ho could fail to see the peril in a demand letter asserting an interest in [money] about to be paid to someone else?" *Madeksho*, 112 S.W.3d at 689.

---

[28] ROA.18-19, 141-44.

18

The other unpublished Texas cases cited by the district court are similarly inapposite. For instance, the court cited *Berry v. Nueces County* as holding a discharged attorney lacks standing to sue an opposing party for attorney's fees.[29] But in *Berry*, the court distinguished the case from *Honeycutt*, in which it noted "all parties involved, including the defendant" were on notice of the contingent fee agreement. *Berry v. Nueces Cnty.*, No. 13–05–383–CV, 2006 WL 1280901, at *3 (Tex. App.—Corpus Christ May 11, 2006, pet. denied). By contrast, in *Berry*, the defendant "did not have knowledge" of the attorney's claim when it paid the settlement. *Id.*

Likewise, the court cited *Iron Tigga, LLC v. Law Offices of David W. Showalter, LLP*,[30] but in that case "[t]here is no evidence in the record, clear and specific or otherwise, which would tend to establish that [the defendant] knew that [the lawyer] owned an interest in the [clients'] claim." No. 13-21-00459-CV, 2022 WL 11467825, at *9 (Tex. App.—Corpus Christi Oct. 20, 2022, pet. denied). The court held the plaintiff had not established a prima facia case to support the theory the defendant paid the settlement despite notice of the attorney's interest. *Id.*

Finally, the court relied on *GEICO Choice Insurance Company v. Stern*, as holding *Honeycutt* was inapplicable when the client did not attempt to exclude the lawyer from her recovery.[31] However, in that case, the lawyer was included in the insurance

---

[29] ROA.687.
[30] ROA.688.
[31] ROA.688-89.

company's settlement payment to the client. *GEICO Choice Ins. Co. v. Stern*, No. 01-18-00013-CV, 2019 WL 3819518, at *4 (Tex. App.—Houston [1st Dist.] Aug. 15, 2019, no pet.). The issue was whether the contingency fee gave the lawyer the right to seek additional compensation for the amount the insurer paid the treating hospital to resolve its medical bills. *Id.* at *1, 4. The court held the contingency fee agreement only granted the attorney an interest to the extent the client receives payment, which did not happen with the insurer's separate negotiated resolution with the hospital. *Id.* at 4-5.

In *GEICO*, the court specifically recognized that a defendant who has notice of an attorney's assigned contingency fee interest and nevertheless settles with the client without including the attorney remains liable to the attorney even if it has paid the client. *Id.* That did not happen in *GEICO*, but it is exactly what happened in this case. Despite express notice of Chavez's assigned interest, Depositors paid the entire settlement to the client without including Chavez. Texas law recognizes Chavez's right to seek his portion of the settlement from Depositors.

**III.    The district court should not have granted the Rule 12(b)(1) motion to dismiss with prejudice, and if necessary, Chavez should be allowed to correct any jurisdictional pleading deficiency.**

Believing Chavez lacked standing to assert any claim against Depositors, the district court granted Depositors' Rule 12(b)(1) motion and entered final judgment dismissing all claims with prejudice.[32] In resolving Depositors' motion, the court lacked

---

[32] ROA.684, 689-91.

authority to grant dismissal with prejudice. Moreover, if necessary, to the extent Chavez can correct any jurisdictional pleading deficiency, it should be allowed to do so.

A motion to dismiss under Rule 12(b)(1) challenges whether the court lacks subject matter jurisdiction to hear the dispute. FED. R. CIV. P. 12(b)(1). The judicial power vested by Article III is the power to render final judgment. *Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 448 (5th Cir. 2023). When a court has jurisdiction, it has the power to reach the merits of the party's claim and render a binding judgment, including dismissal with prejudice. *Id.* However, when the court lacks jurisdiction, it cannot reach the merits and dismissal must be without prejudice to refiling. *Id.* at 448-49. As such, "any dismissal predicated on FED. R. CIV. P. 12(b)(1) must be without prejudice." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020). The court erred when it dismissed Chavez's claims pursuant to Rule 12(b)(1) with prejudice, and reversal is required on those grounds alone.

Moreover, to the extent the alleged facts could support a jurisdictional basis for recovery, Chavez should be allowed to amend if necessary. The court recognized Chavez alleged that Depositors, despite notice of Chavez's assigned interest, delivered the entirety of the settlement funds to the client.[33] Those facts should support a claim by Chavez against Depositors for recovery of its assigned portion of the settlement. *See e.g., Honeycutt*, 992 S.W.2d at 584. However, based on its conclusion that a cognizable

---

[33] ROA.688.

21

claim only existed if Chavez pleaded that Depositors and Soto conspired to deprive Chavez of its contractual rights, the court found the nature of the claims asserted in the complaint are immaterial to determining whether Chavez had standing to seek recovery from Depositors.[34]

Chavez's claims should only be dismissed under Rule 12(b)(1) if it appears certain it cannot prove any set of facts in support of its claim for relief. *Home Builders Ass'n of Miss.*, 143 F.3d at 1010. Under Federal Rule of Civil Procedure 8(a), the court has a duty "to read the complaint liberally and determine whether the facts set forth justify it in assuming jurisdiction on grounds other than those pleaded." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980). While a court must dismiss a case that has a fatal jurisdictional defect, leave to amend defective allegations of subject matter jurisdiction should be freely given. *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991). In general, leave to amend should be granted if it would do nothing more than state an alternative jurisdictional basis for recovery based on the facts previously alleged. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000). Chavez has alleged sufficient facts to establish a claim for relief against Depositors for recovery of its assigned portion of the settlement. If the Court determines it is necessary for Chavez to amend its pleading to state an alternative jurisdictional basis for recovery, it should be entitled to do so on remand.

---

[34] ROA.689.

## CONCLUSION

For these reasons, Chavez asks the Court to reverse the district court's September 30, 2025 order and final judgment granting Depositors' motion to dismiss, and remand the case for a determination on the merits of Chavez's claim against Depositors.

Dated February 2, 2026                    Respectfully submitted,

/s/ Kurt Kuhn

| | |
|---|---|
| Enrique Chavez, Jr. | Kurt Kuhn |
| Texas Bar No. 24001873 | Texas Bar No. 24002433 |
| EnriqueChavezJr@chavezlawpc.com | Kurt@KuhnAppeals.com |
| CHAVEZ LAW FIRM | KUHN LAW PLLC |
| 2101 N. Stanton Street | 7000 N. MoPac Expy., Suite 315 |
| El Paso, Texas  79902 | Austin, Texas  78731 |
| (915) 351-7772 | (512) 476-6005 |

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I, Kurt Kuhn, do hereby certify that the above and foregoing Brief of Appellant has been served via the ECF System on this the 2nd day of February, 2026, to:


Patrick M. Kemp
Robert G. Wall
Leah B. Fitzgerald
SEGAL MCCAMBRIDGE SINGER & MAHONEY
100 Congress Ave., Suite 800
Austin, Texas 78701
(512) 476-7834
*Attorneys of Record for Defendant-Appellee*


/s/ Kurt Kuhn
Kurt Kuhn

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because, excluding parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,538 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word 2019 in 14-point Garamond font.

/s/ Kurt Kuhn
Kurt Kuhn
Attorney for Appellant

Dated: 01/15/2026